IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIRSTEN CHRISTIAN,                          Civil No. 06-1673-AA
                                            OPINION AND ORDER
          Plaintiff,

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
_____

Tim Wilborn
Wilborn Law Office, P.C.
19093 S. Beavercreek Rd, PMB #314
Oregon City, Oregon 97045
     Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Kathryn A. Miller
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Judge:

     Claimant, Kirsten Christian, brings this action pursuant to

the Social Security Act (the Act), 42 U.S.C. §§ 401-33, 405(g),

1    - OPINION AND ORDER

to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act.    For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for Title II benefits on February 5, 2001.    Tr. 79-81. Plaintiff alleged disability beginning March 10, 2000, due to a back injury and bipolar disorder.    Tr. 85.    Plaintiff's application was denied initially and on reconsideration.    Tr. 61-69.     On April 22, 2002, plaintiff appeared with counsel for a hearing before a Administrative Law Judge (ALJ).    Tr. 24-56.    On September 20, 2002, the ALJ issued a decision in which he held that plaintiff was not disabled.    Tr. 10-22.    On June 10, 2003, the United States District Court of the Eastern District of California remanded the case for further consideration.    Tr. 319-339.    On August 14, 2004, the Appeals Council remanded the case for a new hearing.    Tr. 340.

On January 13, 2006, plaintiff, represented by an attorney, appeared and testified at a new hearing before ALJ Gary Elliott in Medford, Oregon.    Tr. 465-487.    On July 26, 2006, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act because she retained the capacity to make a vocational adjustment to other work existing in significant numbers in the national economy.    Tr. 287-88.    The ALJ's decision became the final decision of the Commissioner for purposes of judicial review.    See 20 C.F.R. § 422.210.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF THE FACTS

Plaintiff was 34 years old at the time of the ALJ hearing and completed a high school education.   Tr.  84-92,  484. Plaintiff had past relevant work experience as a delicatessen clerk and grocery checker.   Tr. 404.   Plaintiff last worked in 2000, but stopped working due to her pregnancy and subsequent maternity leave.   Tr. 475.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.   Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).   Substantial evidence is "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson  v.  Perales,  402  U.S.  389,  401  (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.   Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).   To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason  of  any  medically  determinable  physical  or  mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."   42 U.S.C. § 423(d)(1)(A).

The  Secretary  has  established  a  five-step  sequential

3    - OPINION AND ORDER

process for determining whether a person is disabled.  <u>Bowen v.</u>
<u>Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502,
416.920.  First the Secretary determines whether a claimant is
engaged in "substantial gainful activity."  If so, the claimant
is not disabled.  <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R.
§§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant
has a "medically severe impairment or combination of
impairments." <u>Yuckert</u>, 482 U.S. at 140-41; <u>see</u> 20 C.F.R.
§§ 404.1520(c), 416.920(c).  If not, the claimant is not
disabled.

In step three the Secretary determines whether the
impairment meets or equals "one of a number of listed impairments
that the Secretary acknowledges are so severe as to preclude
substantial gainful activity." <u>Id.</u>; <u>see</u> 20 C.F.R.
§§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively
presumed disabled; if not, the Secretary proceeds to step four.
<u>Yuckert</u>, 482 U.S. at 141.

In step four the Secretary determines whether the claimant
can still perform "past relevant work."  20 C.F.R.
§§ 404.1520(e), 416.920(e).  If the claimant can work, she is not
disabled.  If she cannot perform past relevant work, the burden
shifts to the Secretary.  In step five, the Secretary must
establish that the claimant can perform other work.  <u>Yuckert</u>, 482
U.S. at 141-42; <u>see</u> 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) &
(f).  If the Secretary meets this burden and proves that the
claimant is able to perform other work which exists in the
national economy, she is not disabled.  20 C.F.R. §§ 404.1566,

1   416.966.

2                            **DISCUSSION**

3         At step one of the five step sequential evaluation process

4   outlined above, the ALJ found that plaintiff had not engaged in

5   substantial gainful activity during the time period considered.

6   Tr. 280, Finding 2.   This finding is not in dispute.   At step

7   two, the ALJ found that plaintiff had the following severe

8   combination of impairments: obesity, bipolar disorder, an anxiety

9   disorder, and degenerative disc disease with a bulging disc at

10  L4-5.   Tr. 281, Finding 3.   This finding is not in dispute.   At

11  step three, the ALJ found that plaintiff's impairments did not

12  meet or equal the requirements of a listed impairment.   Tr. 282,

13  Finding 4.   This finding is not in dispute.

14        The ALJ determined that plaintiff had the residual

15  functional capacity (RFC) to perform work related activities at

16  a reduced range of sedentary level of exertion.   Tr. 282, Finding

17  5.   The ALJ limited plaintiff to lifting 10 pounds, both

18  occasionally and frequently; standing/walking for 2 hours in an

19  8-hour workday; sitting for about 6 hours in an 8-hour workday,

20  with a sit/stand option that allowed her to change position every

21  20 to 30 minutes.   Id.   Climbing, stooping, balancing, crouching,

22  crawling, and kneeling were limited to an occasional basis.   Id.

23  The ALJ also limited plaintiff to simple, routine tasks and

24  instruction, and found that direct contact with the public was

25  precluded.   Id.   Finally, contact with co-workers was limited to

26  an occasional basis.   Id.   These findings are in dispute.

27        At step four, the ALJ found that plaintiff was unable to

28  return to her past relevant work.   Tr. 287, Finding 6.   This

5    - OPINION AND ORDER

finding is not in dispute.  Finally, at step five, the ALJ found that, based on plaintiff's RFC and vocational testimony, she could make a vocational adjustment to perform other work existing in significant numbers in the national economy; specifically as an addresser, bench hand assembler, and assembler-optical.  Tr. 287-88.  This finding is in dispute.

Residual Functional Capacity Finding

The ALJ concluded that plaintiff had severe impairments that were not disabling at step three.  Therefore, the ALJ was required to assess plaintiff's RFC before proceeding to step four.  Plaintiff's RFC is defined as the most she can do given her impairments and limitations.  SSR 96-8p.  In assessing plaintiff's RFC, the ALJ must consider the entire record and explain how he or she weighs the medical evidence and testimony. SSR 96-5p.

In the prior decision, the ALJ found plaintiff retained the capacity to perform a wide range of light work with occasional postural limitations.  Tr. 18.  In so finding, the ALJ discounted the opinion of treating physician, Kuldeep Sidhu, M.D., that plaintiff is unable to return to her occupation as a grocery store clerk and "should find a sedentary job."  Tr. 170.  The California District Court found the ALJ in the first hearing failed to provide specific and legitimate reasons for rejecting Dr. Sidhu's opinion.  Tr. 323.  The court noted, however, that it remained unclear whether plaintiff was disabled since Dr. Sidhu also opined that the only way plaintiff's back pain could be alleviated was through exercise.  Tr. 323.  To resolve the ambiguity, the district court directed the ALJ on remand to

solicit additional explanatory information from Dr. Sidhu and
from a medical expert regarding plaintiff's physical limitations.
Tr. 333.

Plaintiff argues that reversible error occurred since the
ALJ failed, on remand, to comply with the district court's
orders. Those orders were: to contact Dr. Sidhu, and obtain a
medical expert. Plaintiff's Brief, p. 5-8. On remand, the ALJ
gave controlling weight to Dr. Sidhu's opinion placing plaintiff
in a sedentary exertional capacity rather than a light exertional
capacity. Tr. 284. The defendant asserts that this removed the
need specified by the district court to clarify Dr. Sidhu's
testimony or obtain the services of a medical expert because the
ALJ found that plaintiff did not have the capacity to do more
than sedentary exertional activities. Tr. 323. I disagree. The
California district court clearly credited Dr. Sidhu's opinion
that plaintiff should be limited to sedentary work. Tr. 328.

The court held:

In this case, further development is necessary for
a proper determination to be made. A redetermination
of claimant's RFC should be performed on remand
which takes into consideration Dr. Sidhu's credited
opinion that claimant should be limited to sedentary
work, and claimant's obesity and the effect it has,
if any, on claimant's functioning. In addition, the
ALJ shall fully and fairly develop the record by
procuring additional explanatory information from
Dr. Sidhu regarding his opinion that claimant can
only perform a sedentary job and by eliciting the
services of a medical expert to give testimony
at a new administrative hearing regarding claimant's
physical limitations.

Tr. 338-39

The court, in recognizing that Dr. Sidhu's opinion required
further clarification, ordered as follows:

> The undersigned agrees that Dr. Sidhu's opinion that claimant should find a sedentary job is uncertain and unexplained. <u>Dr. Sidhu's opinions have been credited' in this matter</u>, accordingly, on remand the ALJ must necessarily resolve this ambiguity. This may be accomplished, on remand, by the ALJ sending a medical questionnaire or a set of interrogatories to Dr. Sidhu or by requesting claimant's attorney to obtain additional records or information from Dr. Sidhu. The ALJ must fully develop the record on remand by supplementing the record with additional explanatory information from Dr. Sidhu prior to making a disability determination in this case.

Tr. 329(emphasis added).

The district court clearly credited Dr. Sidhu's opinion and ordered the ALJ to obtain further clarifying information from Dr. Sidhu. The defendant's assertion that the ALJ gave "controlling weight to Dr. Sidhu's opinion" obviated the need for clarifying testimony from Dr. Sidhu or a medical expert is misplaced. In fact, after expressly crediting Dr. Sidhu's opinion, the district court separately ordered the ALJ to "elicit the services of a medical expert to assist in properly assessing plaintiff's physical limitations." Tr. 329. The ALJ did neither. The defendant seems to acknowledge that the ALJ failed to comply with the district court's order, but asserts that failure is not reversible error because the ALJ's "finding that plaintiff was limited to a sedentary exertion was not inconsistent with the district court's remand order." Defendant's Brief, p. 7.

I disagree and find that the ALJ's noncompliance with the district court's clear order to "elicit the services of a medical expert to assist in properly assessing plaintiff's physical limitations," and to "procur[e] additional explanatory information from Dr. Sidhu regarding his opinion that claimant can only perform a sedentary job" is reversible error.

Plaintiff also asserts that the ALJ committed reversible error by failing to comply with agency social security rulings. I agree. Pursuant to Social Security Rulings 83-12 and 96-9p, the ALJ failed to determine whether "the full range of sedentary work is significantly eroded," or whether "the full range of sedentary work is significantly compromised." The ALJ wholly failed to address these issues. Social Security Ruling (SSR) 83-12, relied on by the defendant, directs the ALJ to "decide whether the full range of sedentary work is significantly compromised. Similarly, SSR 96-9p requires the ALJ to address "whether the full range of sedentary work is significantly compromised," and "the extent of erosion of the unskilled sedentary occupational base." The Ruling states, in part:

> Moreover, since each occupation administratively noticed by Table No. 1 represents numerous jobs, the ability to do even a limited range of sedentary work does not in itself establish disability in all individuals, although a finding of "disabled" usually applies when [as here] the full range of sedentary work is significantly eroded[.]
>
> . . .
>
> In more complex cases, the adjudicator may use the resources of a vocational specialist or vocational expert. The vocational resource may be asked to provide any or all of the following: An analysis of the impact of the RFC upon the full range of sedentary work, which the adjudicator may consider in determining the extent of the erosion of the occupational base, examples of occupations the individual may be able to perform, and citations of the existence and number of jobs in such occupations in the national economy.

SSR 96-9p.

Here, the ALJ failed to decide "whether the full range of sedentary work is significantly compromised," nor did the ALJ request that the VE "assess the effect of any limitation on the

9   - OPINION AND ORDER

range of work at issue (e.g., the potential occupational base)."
The record does not reflect that the ALJ or VE ever commented
upon the occupational base or the range of work issue.

Moreover, in response to the ALJ's RFC limitations, out of
the original 200 sedentary, unskilled occupations, the VE was
able to identify only three occupations that plaintiff could
perform.  Relying on the criteria in SSRs 83-12 and 96-9p, a
finding that plaintiff's "full range of sedentary work is
significantly compromised" was warranted, and a finding of
disability follows.

### CONCLUSION

The Commissioner's decision is not based on substantial
evidence, and is therefore, reversed and remanded for payment of
benefits.

IT IS SO ORDERED.

Dated this 31 day of January 2008.


Ann Aiken
United States District Judge